DLD-156                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1874
_____

MEGAN HOOKEY,
                              Appellant

v.

MORROSA LOMAS; RHONDA HUMMEL; TROY EDWARDS;
G. SISLEY; DAVID DEIBLER-GORMAN; BRENDA RIPPEY;
BILL FRANTZ; HARRIET DALTON, c/o Lighthouse Prison Ministries;
JOHN F. DISALLE, c/o Washington County Courthouse, TR. TOWNSEND
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 08-02284)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

    Megan Hookey appeals from orders of the District Court that, among other things,

dismissed her complaint for failure to state a claim.  We will affirm.

I.

Hookey was eight and one-half months pregnant when, in January 2008, she began her incarceration at SCI-Muncy in Clinton Township, Pennsylvania. After Hookey gave birth, her newborn son was placed in the custody of a caretaker from Lighthouse Prison Ministries ("LPM"); pursuant to a prior agreement, he was to return to Hookey's custody when she completed her prison sentence. In July 2008, however, Judge DiSalle of the Washington County Court of Common Pleas entered an order granting sole custody of Hookey's son to Aaron Jones, the child's biological father. With the assistance of Trooper Townsend of the Pennsylvania State Police, Jones acquired physical custody of his and Hookey's son from the LPM caretaker.

Since beginning her incarceration at SCI-Muncy, Hookey has filed 39 grievances against various prison officials. Most of the grievances appear to have focused on the alleged refusal of these officials to act on Hookey's concerns regarding the well-being of her son. Each grievance was denied at the initial review stage, and no administrative appeals were taken prior to Hookey's initiation of this suit in December 2008. In her third amended complaint, filed in April 2009, Hookey claimed that her constitutional rights had been violated by Judge DiSalle, Trooper Townsend, former LPM employee Harriet Dalton, and several SCI-Muncy prison officials ("the DOC officials"). Hookey alleged that all named defendants "were deliberately indifferent to the safety of the Plaintiff, and her infant son[,] by disregarding complaints of kidnapping, abuse and neglect, and numerous criminal and civil law violations."

Hookey specifically alleged that Judge DiSalle violated her equal protection rights in (1) failing to appoint counsel in her paternity suit against Jones, (2) failing to stay custody proceedings, (3) failing to allow her to fully participate in the custody proceedings, and (4) awarding Jones custody. Hookey alleged that Trooper Townsend violated her equal protection rights by ignoring her request to file a criminal complaint against Jones, and by carrying the "child to Jones' car because Jones did not know how to pick up the infant, and placed him in a broken carseet [sic] allowing Jones to drive more than 8 hours away in the middle of the night without any supplies or knowledge of the child's medical needs." Concerning the DOC officials, Hookey specifically alleged that they had, inter alia, violated her "constitutional rights to access of [courts] by denying her [access to the] law library and access to legal materials knowing she was handling [her] case pro se." Finally, Hookey alleged that Dalton had violated her constitutional rights in failing to provide sufficient information concerning the custody proceedings. In addition to filing her amended complaint, Hookey filed a motion to compel the DOC officials to immediately transfer her to a different prison in Pennsylvania.

Judge DiSalle and the DOC officials separately moved to dismiss Hookey's third amended complaint under Rule 12(b) of the Federal Rules of Civil Procedure. Trooper Townsend joined the motion filed by the DOC officials. Dalton took no action. On March 11, 2010, the District Court denied Hookey's motion to transfer and, in a separate order, granted Judge DiSalle's motion to dismiss. With respect to the latter, the District Court agreed with Judge DiSalle that he was entitled to absolute judicial immunity

3

because the "allegations raised by Hookey relate to acts or omissions taken by Judge DiSalle during the exercise of his official duties."

On March 15, 2010, the District Court granted the motion to dismiss filed by Trooper Townsend and the DOC officials, concluding that "the record clearly reflects that [Hookey] has failed to exhaust her administrative remedies with respect to her claims prior to filing this action," and that "such a failure to exhaust is fatal to her claims."[1]  In addition, the District Court concluded that Hookey failed to state an equal protection claim against Trooper Townsend, reasoning that "Hookey has not shown that Trooper Townshend treated her differently from any other inmate who is a mother and who would have sought similar assistance from him and that any discrimination was intentional." The District Court further concluded that "to the extent that Hookey believes that Trooper Townshend restricted her access to the court because he should have brought criminal charges against Jones . . . she has not demonstrated 'a deprivation of an actual constitutional right.'" (citation omitted).  Hookey filed a notice of appeal, which was docketed at CA 10-1874.

Thereafter, in July 2010, the Clerk of the District Court entered default against Dalton "for failure to plead or otherwise defend pursuant to Rule 55(a), Federal Rules of Civil Procedure."  Hookey then moved for entry of default judgment against Dalton.  In

---

[1] In both the March 11 and March 15, 2010 opinions, the District Court noted that it was limiting Hookey's requested relief to monetary damages because "she is not seeking declaratory relief 'in the true legal sense.'" (citing Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006)).

4

October 2010, the District Court set aside the entry of default for good cause shown, denied as moot Hookey's motion for default judgment, dismissed as frivolous Hookey's amended complaint as to Dalton, and closed the case. Hookey then filed a second notice of appeal, which was docketed at CA 10-4722.[2]

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983). We exercise plenary review over the District Court's dismissal of Hookey's complaint for failure to state a claim. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. LAR 27.4; I.O.P. 10.6.

## III.

Hookey raises two issues on appeal.[3] She contends, first, that the District Court erred in determining that she failed to state a claim against Trooper Townsend and, second, that Judge DiSalle is not entitled to absolute judicial immunity. We reject Hookey's arguments for substantially the reasons given in the District Court's March 11

---

[2] Hookey's two appeals were consolidated for all purposes, but because Hookey refused to pay the filing fee for CA 10-4722 or file a motion to proceed in forma pauperis, that appeal was dismissed on March 30, 2011, for failure to prosecute. See Fed. R. App. P. 3(a); LARs 3.3 and Misc. 107.1(a).

[3] Hookey has not challenged the District Court's determination that she could not state a claim against the DOC officials because of a failure to exhaust administrative remedies. In any event, it appears that this determination was correct.

5

and March 15, 2010 opinions.  We add that Trooper Townsend's alleged refusal to file a criminal complaint against Jones does not give rise to a viable § 1983 claim.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," notwithstanding that "Appellant does have an interest in the support of her child").  We also agree with the District Court that Judge DiSalle is absolutely immune from Hookey's claims for damages.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).[4]

## IV.

For the reasons given in this opinion, we will summarily affirm the judgment of the District Court.

---

[4] Hookey's reliance on Gross v. Rell, 585 F.3d 72, 84 (2d Cir. 2009) (noting that judicial immunity applies where a judge acts in excess of his subject matter jurisdiction, but not where he acts in the absence of such jurisdiction), does not help her cause; in fact, it supports the District Court's analysis because Judge DiSalle acted within the scope of his subject matter jurisdiction during the child custody proceedings.